David W. Knotts, ISB No. 3627
Hans A. Mitchell, ISB No. 5565
CAREY PERKINS LLP
Sixteenth Floor, U.S. Bank Plaza
101 South Capitol Boulevard
P. O. Box 519
Boise, Idaho 83701
Telephone: (208) 345-8600
Facsimile: (208) 345-8660

Attorneys for Defendant United
    States Liability Insurance
    Company

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL PARISH, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES LIABILITY<br>INSURANCE COMPANY, a<br>Pennsylvania corporation,<br><br>　　　　Defendant. | Case No.<br><br><br>NOTICE OF REMOVAL |

TO:   UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

The Defendant United States Liability Insurance Company (hereinafter

"Defendant"), respectfully alleges as follows:

1.   This Notice of Removal is filed pursuant to 28 U.S.C. § 1446(a) and (b)

for the purpose of removing this action from the District Court of the Fourth Judicial

District of the State of Idaho for the County of Ada.

DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S NOTICE OF
REMOVAL - 1

2.    Plaintiff sent a copy of the Complaint to the Defendant's attorney on April 14, 2010 and requested acceptance of service. A true and correct copy of the entire state court record and a copy of the case history for this action are attached hereto as Exhibit A. This action was brought in the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada, styled and captioned exactly as above, and assigned case number CV OC 1007067. The District Court of the Fourth Judicial District of the State of Idaho for the County of Ada, is located within the jurisdiction of the United States District Court for the District of Idaho.

3.    Defendant has not yet answered or otherwise responded to Plaintiff's Complaint and, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by Defendant of a copy of the Summons and Complaint. Upon information and belief, no other pleadings or papers have been filed in this action with exception of a Notice of Removal to Federal Court, a copy of which is attached as Exhibit B.

4.    Case No. CV OC 1007067 is a civil action in which Plaintiff seeks to recover against Defendant for alleged breach of contract, breach of implied covenant of good faith and fair dealing, tort of bad faith, declaratory relief, and attorney fees.

5.    Removal of this action is proper, pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, and there is complete diversity of citizenship between Plaintiff and Defendant. Upon information and belief, Plaintiff is a citizen of the State of Idaho. Defendant United States Liability Company is a Pennsylvania corporation with its principal place of business in Pennsylvania.

6.      The amount in controversy exceeds the $75,000 jurisdictional requirement for a diversity action. First, Plaintiff's Complaint states that Integra Information Technologies, Inc. assigned its causes of action against Defendant to Plaintiff. Plaintiff alleges that he and Integra settled his wrongful termination claim, allegedly covered by the insurance policy at issue, for $138,000. Because Plaintiff's claims are based on his assigned right from Integra to recover insurance payments for the value of his claims against Integra, the face of the Complaint shows that the jurisdictional requirement is met. Second, Plaintiff sent a demand letter to Defendant prior to filing this action in state court and demanded more than $75,000. A true and correct copy of the demand letter sent to Defendant is attached hereto as Exhibit C.

7.      Pursuant to 28 U.S.C. § 1446(a), (b) and (d), this state court action which was commenced in the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada may be removed to the United States District Court for the District of Idaho.

8.      Proper notice will be given this date to Plaintiff herein, by and through their counsel of record, and to the Clerk of the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada; a true and correct copy of the notice is attached hereto as Exhibit B and, by this reference, incorporated herein as if set forth in full.

WHEREFORE, Defendant prays that the above-entitled action pending against them in the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada, be removed to this Court.

DATED this 22nd day of April, 2010.

CAREY PERKINS LLP

DAVID W. KNOTTS
ISB No. 3627
(208) 345-8600
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April, 2010, I served a true and correct copy of the foregoing NOTICE OF REMOVAL by delivering the same to each of the following, by the method indicated below, addressed as follows:

Eric S. Rossman                    [X]    U.S. Mail, postage prepaid
Rossman Law Group, PLLC            [ ]    Hand-Delivered
737 N. 7th Street                  [ ]    Overnight Mail
Boise, Idaho 83702                 [ ]    Facsimile: (208) 342-2170
**Attorney for Plaintiff**

David W. Knotts, ISB No. 3627
Attorneys for Defendant

DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S NOTICE OF REMOVAL - 4



NO._____

A.M._____ FILED ____ P.M.____

APR 1 2 2010

J. DAVID NAVARRO, Clerk
By CARLY LATIMORE
DEPUTY

Eric S. Rossman, ISB #4573
Erica S. Phillips, ISB #6009
ROSSMAN LAW GROUP, PLLC
737 N. 7th Street
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile:   (208) 342-2170

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

## THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| MICHAEL PARISH, an individual,<br><br>Plaintiff,<br><br>-vs-<br><br>UNITED STATES LIABILITY INSURANCE COMPANY, a Pennsylvania company,<br><br>Defendant. | CASE NO. CV OC 1007067<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT**<br><br>**Category: A-1**<br>**Filing Fee: $88.00** |

COMES NOW, MICHAEL PARISH, the above-named Plaintiff, and for cause of action against the Defendant, UNITED STATES LIABILITY INSURANCE COMPANY hereby COMPLAIN AND ALLEGE as follows:

### PARTIES

1.     At all times mentioned herein, Plaintiff Michael Parish (hereinafter "Plaintiff") was and is a resident of Ada County, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 1**



EXHIBIT___A___

2.      Defendant United States Liability (hereinafter "Defendant"), is a Pennsylvania company and at all times herein mentioned have been, and presently are licensed by the Idaho Department of Insurance.

3.      In November of 2008, Integra Information Technologies, Inc. executed an assignment of its causes of action against Defendant to Plaintiff in this matter.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction in this matter pursuant to Idaho Code § 1-705.

5.      Venue is proper, pursuant to Idaho Code § 5-404 because Integra Information Technologies principal place of business is in Ada County and the acts and omissions complained of occurred in Ada County.

## GENERAL ALLEGATIONS

6.      Plaintiff was employed by Integra Information Technologies, Inc. (hereinafter "Integra") from approximately March of 2005 through May 25, 2007.

7.      Plaintiff was employed as an account executive and was responsible for finding buyers for Integra products and concluding sales with those customers.

8.      Plaintiff was paid a base salary of $36,000.00 per year, plus a commission of ten percent (10%) on document management solutions sales and twenty percent (20%) on hardware sales Plaintiff made on behalf of Integra.

9.      Pursuant to the pay schedule at Integra, all commissions were paid to salespersons, including Plainitff, at the time the customer was invoiced for the products ordered.

**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 2**

EXHIBIT __A__

10.    On or about May 25, 2007, Plaintiff's employment with Integra was terminated.

11.    Prior to that date, Plaintiff had booked orders for the Oregon Law Library and the Oregon Law Library had been invoiced for $125,000.00 for those orders and Plaintiff was therefore entitled to ten percent (10%) or $12,500.00 in commissions. Shortly thereafter, a second invoice was submitted to the Oregon Law Library for $125,000.00 and Plaintiff was therefore entitled to ten percent (10%) or $12,500.00 in commissions. Shortly after the second invoice was submitted, a third invoice was submitted to the Oregon Law Library and Plaintiff was therefore entitled to ten percent (10%) or $12,500.00 in commissions.

12.    On that date, Plaintiff signed a memorandum regarding the termination of his employment.

13.    That memorandum included a handwritten provision that Plaintiff would be paid his commissions for the Oregon Law Library and this provision was initialed by both Plaintiff and Gary Maxwell, an Integra representative.

14.    Under the pay schedule at Integra, the commissions were due and owing no later than June 20, 2007.

15.    As of August 29, 2007, Plaintiff had not received payment for the commissions earned from the Oregon Law Library sales and filed suit in the Fourth Judicial District, County of Ada, case number CV OC 0715558.

16.    At the time of the unpaid commissions, Integra was the owner of a Employment Practices Liability Policy issued as Policy Number EPL1011914 (hereinafter "the

**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 3**

EXHIBIT A

policy") by Defendant.

17.     The policy was a "claims-made" policy under which coverage was limited to events occurring on or after the retroactive date of the policy and first reported by Integra to Defendant prior to termination of the policy or within any policy period or additional reporting period applicable to Integra.

18.     The policy was effective December 14, 2006, to December 14, 2007.

19.     On or about September 11, 2007, Defendant received notice of Plaintiff's claim for coverage against Integra.

20.     On September 21, 2007, Defendant notified Integra that it was denying the claim for coverage under the policy between itself and Integra.

21.     The stated basis for denying the claim under the policy was that the Fair Labor Standards Act endorsement specifically bars coverage for the alleged failure to pay Plaintiff the wages he was owed.

22.     On or about November 6, 2008, Plaintiff reached a settlement with Integra for his claims against it in the sum of $62,000.00.

23.     On or about November 6, 2008, Plaintiff reached a settlement with Integra for his claims against it for front pay damages relating to wrongful termination in the sum of $138,000.00.

24.     This settlement included an assignment of any and all of Integra's claims against Defendant resulting from the denial of coverage for claims asserted by Plaintiff.

**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 4**

EXHIBIT _A_

## COUNT ONE

### *(Breach of Contract)*

25.    Plaintiff hereby realleges the allegations contained in Paragraphs 1 through 24 set forth above, and incorporate the same herein by reference.

26.    The insurance policy issued by Defendant to Integra constitutes a valid, binding, and enforceable contract of insurance between Defendant and Integra.

27.    Integra paid all premiums due, submitted all proofs of loss required, and performed all other obligations and conditions required under the contract of insurance.

28.    Defendant's refusal to pay the claims submitted by Integra according to the terms of the policy constitutes a substantial and material breach of the contract.

29.    As a direct and proximate result of Defendant's breach of contract, Integra has suffered damages in an amount exceeding $10,000.00 to be proven with certainty at trial.

30.    Plaintiff is entitled to recover his attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 41-1839, 12-120(3) and 12-121.

## COUNT TWO

### *(Breach of the Implied Covenant of Good Faith and Fair Dealing)*

31.    Plaintiff hereby realleges the allegations contained in Paragraphs 1 through 30 set forth above, and incorporate the same herein by reference.

32.    The insurance contract between Integra and Defendant includes an implied covenant of good faith and fair dealing by both parties.

COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 5

EXHIBIT A

33.     Defendant's refusal to pay the properly submitted claims by Integra substantially nullified a benefit to which Integra was entitled under the terms of the contract, and thereby breached the implied covenant of good faith and fair dealing.

34.     As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Integra has suffered damages in an amount exceeding $10,000.00 to be proven with certainty at trial.

35.     Plaintiff is entitled to recover his attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 41-1839, 12-120(3) and 12-121.

## COUNT THREE

### *(Tort of Bad Faith)*

36.     Plaintiff hereby realleges the allegations contained in Paragraphs 1 through 35 set forth above, and incorporate the same herein by reference.

37.     In handling Integra's claim, Defendant has acted in tortious bad faith by negligently, intentionally, and unreasonably denying payment on the claim and, in the process, has harmed Integra in such a way not fully compensable at contract.

38.     As a direct and proximate result of the bad faith handling of Integra's claim, Integra has suffered damages in an amount exceeding $10,000.00 to be proven with certainty at trial.

39.     Plaintiff is entitled to recover their attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 41-1839, 12-120(3) and 12-121.

COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 6

EXHIBIT____A

40. Defendant's actions as alleged herein constitute intentional, reckless, willful acts in gross deviation of reasonable standard of conduct.

41. Plaintiff hereby reserves this paragraph for a claim of punitive damages pursuant to Idaho Code § 6-1604.

## COUNT FOUR

### *(Request for Declaratory Relief)*

42. Plaintiff hereby realleges the allegations contained in Paragraphs 1 through 41 set forth above, and incorporate the same herein by reference.

43. An actual, justiciable controversy exists between Integra and Defendant as a consequence of Defendant's refusal to pay Integra's claims under the terms of the insurance policy. A declaration by this court of the parties' respective rights, duties and obligations regarding the litigation will resolve the controversy.

44. Neither Defendant nor Integra has sought any previous adjudication of their respective rights under the insurance policy regarding the litigation.

45. There is no provision in the express language of the insurance policy that excludes Integra's claims for coverage for the type of unpaid commissions owed to Plaintiff.

46. As such, Defendant's refusal to accept the claim is in conflict with the terms of the insurance policy and established law and Plaintiff's request a declaration from this Court that Defendant is obligated to indemnify Integra and pay any and all sums owed by Integra, by reason of settlement or judgment, to Plaintiff, resulting from the wrongful termination of Integra up to the limits of coverage of the Employment Practices Liability Policy.

**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 7**

EXHIBIT A

47. Plaintiff is entitled to recover his attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 41-1839, 12-120(3) and 12-121.

48. Plaintiff respectfully requests that this court order a speedy hearing upon Plaintiff's action and advance the action upon the calendar as provided by Idaho Rule of Civil Procedure 57.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and relief as follows:

1. For a declaratory judgment finding that Integra Information Technologies, Inc. is entitled to payment of its claims under the terms of the insurance policy issued by United States Liability Insurance Company;

2. For an award of money damages against United States Liability Insurance Company representing a full and fair amount of compensation for all special, general and consequential losses suffered by Integra Information Technologies, Inc. in an amount to be determined at trial;

3. For Plaintiff's reasonable attorney fees and costs of suit;

4. For prejudgment interest under each of the losses suffered by Integra Information Technologies, Inc. as provided in Idaho Code § 28-22-104; and

5. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury composed of no less than twelve persons on all issues so triable.

**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 8**

EXHIBIT __A__

DATED this 12ᵗʰ day of April, 2010.

ROSSMAN LAW GROUP, PLLC

By: _____

Eric S. Rossman
Attorneys for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 9**

EXHIBIT A

NO._____
A.M._____ FILED _____
                        P.M.

MICHAEL McLAUGHLIN                    APR 1 2 2010

                                     J. DAVID NAVARRO, Clerk
                                       By CARLY LATIMORE
                                              DEPUTY

Eric S. Rossman, ISB #4573
Erica S. Phillips, ISB #6009
ROSSMAN LAW GROUP, PLLC
737 N. 7th Street
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile:  (208) 342-2170

Attorneys for Plaintiff

COPY

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| MICHAEL PARISH, an individual, ) | CASE NO. __CV OC 1007067__ |
| ) | |
| Plaintiff, ) | SUMMONS |
| ) | |
| -vs- ) | |
| ) | |
| UNITED STATES LIABILITY INSURANCE ) | |
| COMPANY, a Pennsylvania corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE
COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE
UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO:          UNITED STATES LIABILITY INSURANCE COMPANY
             License Number 680
             190 South Warner Road
             P.O. Box 6700
             Wayne, PA 19087-2191

SUMMONS - 1

EXHIBIT __A__

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 20 days after service of this Summons on you.  If you fail to so respond the court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons.  If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1.    The title and number of this case.

2.    If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3.    Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4.    Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this _____ day of April, 2010.    ~~APR 1 2 2010~~

                                    J. DAVID NAVARRO
                                    CLERK OF THE DISTRICT COURT

                                    By__**CARLY LATIMORE**_____
                                       Deputy



W\Dawson\Documents\Work\P\Parish, Michael\Parish v. US Liability\Pleadings\Summons.doc

SUMMONS - 2

EXHIBIT  A

Idaho Repository - Case History Page

**Case History**

**Ada**

**1 Cases Found.**

| | | | | |
|---|---|---|---|---|
| Case: | CV-OC-2010-07067 | Michael Parish vs. United States Liability Insurance Company District Filed: 04/12/2010 Subtype: Other Claims Judge: Michael McLaughlin | | Status: Pending |
| | Defendants: | United States Liability Insurance Company | | |
| | Plaintiffs: | Parish, Michael | | |

Register Date
of
actions:

| 04/12/2010 | New Case Filed – Other Claims |
|---|---|
| 04/12/2010 | Complaint Filed |
| 04/12/2010 | Summons Filed |

*Connection: Public*

EXHIBIT____*A*____

David W. Knotts, ISB No. 3627
Hans A. Mitchell, ISB No. 5565
CAREY PERKINS LLP
Sixteenth Floor, U.S. Bank Plaza
101 South Capitol Boulevard
P.O. Box 519
Boise, Idaho  83701
Telephone (208) 345-8600
Facsimile (208) 345-8660

Attorneys for Defendant United States
Liability Insurance Company

IN THE DISTRICT COURT OF
THE FOURTH JUDICIAL DISTRICT
OF THE STATE OF IDAHO, IN AND
FOR THE COUNTY OF ADA

| | |
|---|---|
| MICHAEL PARISH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES LIABILITY<br>INSURANCE COMPANY, a<br>Pennsylvania corporation,<br><br>Defendant. | Case No. CV OC 1007067<br><br>NOTICE OF REMOVAL TO FEDERAL<br>COURT |

TO:   PLAINTIFF ABOVE-NAMED AND HIS COUNSEL OF RECORD; AND

TO THE CLERK OF THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO FOR THE COUNTY OF ADA:

PLEASE TAKE NOTICE that Defendant United States Liability Insurance

Company filed, on the 23rd day of April, 2010, a Notice of Removal of the above-

DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S NOTICE OF
REMOVAL TO FEDERAL COURT  - 1

EXHIBIT B


entitled case from the District Court of the Fourth Judicial District of the State of

Idaho, in and for the County of Ada, to the United States District Court for the District

of Idaho, and said District Court of the Fourth Judicial District of the State of Idaho,

in and for the County of Ada, shall proceed no further unless the case is remanded.

A true and correct copy of the Notice of Removal is attached hereto as Exhibit A and

by this reference incorporated herein as if set forth in full.

DATED this ꝛꝛ day of April, 2010.

CAREY PERKINS LLP

By_____

David W. Knotts, Of the Firm
Attorneys for Defendant
United States Liability Insurance
Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ꝛꝛ day of April, 2010, I served a true and
correct copy of the foregoing NOTICE OF REMOVAL TO FEDERAL COURT  by delivering
the same to each of the following, by the method indicated below, addressed as follows:

Eric S. Rossman                    [X]    U.S. Mail, postage prepaid
Rossman Law Group, PLLC            [ ]    Hand-Delivered
737 N. 7th Street                  [ ]    Overnight Mail
Boise, Idaho 83702                 [ ]    Facsimile: (208) 342-2170
***Attorney for Plaintiff***

_____
David W. Knotts

DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S NOTICE OF
REMOVAL TO FEDERAL COURT  - 2

EXHIBIT _B_

David W. Knotts, ISB No. 3627
Hans A. Mitchell, ISB No. 5565
CAREY PERKINS LLP
Sixteenth Floor, U.S. Bank Plaza
101 South Capitol Boulevard
P. O. Box 519
Boise, Idaho 83701
Telephone: (208) 345-8600
Facsimile: (208) 345-8660

Attorneys for Defendant United
     States    Liability    Insurance
Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL PARISH, an individual, | Case No. |
| Plaintiff, | |
| vs. | NOTICE OF REMOVAL |
| UNITED STATES LIABILITY INSURANCE COMPANY, a Pennsylvania corporation, | |
| Defendant. | |

TO:    UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

The Defendant United States Liability Insurance Company (hereinafter "Defendant"), respectfully alleges as follows:

1.    This Notice of Removal is filed pursuant to 28 U.S.C. § 1446(a) and (b) for the purpose of removing this action from the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada.

DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S NOTICE OF REMOVAL - 1

EXHIBIT ___ B

2.    Plaintiff sent a copy of the Complaint to the Defendant's attorney on April 14, 2010 and requested acceptance of service.  A true and correct copy of the Complaint served upon the Defendant is attached hereto as Exhibit A.  This action was brought in the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada, styled and captioned exactly as above, and assigned case number CV OC 1007067.  The District Court of the Fourth Judicial District of the State of Idaho for the County of Ada, is located within the jurisdiction of the United States District Court for the District of Idaho.

3.    Defendant has not yet answered or otherwise responded to Plaintiff's Complaint and, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by Defendant of a copy of the Summons and Complaint.  Upon information and belief, no other pleadings or papers have been filed in this action with exception of a Notice of Removal to Federal Court, a copy of which is attached as Exhibit B.

4.    Case No. CV OC 1007067 is a civil action in which Plaintiff seeks to recover against Defendant for alleged breach of contract, breach of implied covenant of good faith and fair dealing, tort of bad faith, declaratory relief, and attorney fees.

5.    Removal of this action is proper, pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, and there is complete diversity of citizenship between Plaintiff and Defendant.  Upon information and belief, Plaintiff is a citizen of the State of Idaho.  Defendant United States Liability Company is a Pennsylvania corporation with its principal place of business in Pennsylvania.

DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S NOTICE OF REMOVAL - 2



EXHIBIT $B$ ____

2.      Plaintiff sent a copy of the Complaint to the Defendant's attorney on April 14, 2010 and requested acceptance of service. A true and correct copy of the entire state court record and a copy of the case history for this action are attached hereto as Exhibit A. This action was brought in the District Court of the Fourth Judicial District of the State of Idaho for the County of Ada, styled and captioned exactly as above, and assigned case number CV OC 1007067. The District Court of the Fourth Judicial District of the State of Idaho for the County of Ada, is located within the jurisdiction of the United States District Court for the District of Idaho.

3.      Defendant has not yet answered or otherwise responded to Plaintiff's Complaint and, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by Defendant of a copy of the Summons and Complaint. Upon information and belief, no other pleadings or papers have been filed in this action with exception of a Notice of Removal to Federal Court, a copy of which is attached as Exhibit B.

4.      Case No. CV OC 1007067 is a civil action in which Plaintiff seeks to recover against Defendant for alleged breach of contract, breach of implied covenant of good faith and fair dealing, tort of bad faith, declaratory relief, and attorney fees.

5.      Removal of this action is proper, pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, and there is complete diversity of citizenship between Plaintiff and Defendant. Upon information and belief, Plaintiff is a citizen of the State of Idaho. Defendant United States Liability Company is a Pennsylvania corporation with its principal place of business in Pennsylvania.

DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S NOTICE OF REMOVAL - 2

EXHIBIT ___B___

6.        The amount in controversy exceeds the $75,000 jurisdictional

requirement for a diversity action. First, Plaintiff's Complaint states that Integra

Information Technologies, Inc. assigned its causes of action against Defendant to

Plaintiff. Plaintiff alleges that he and Integra settled his wrongful termination claim,

allegedly covered by the insurance policy at issue, for $138,000. Because Plaintiff's

claims are based on his assigned right from Integra to recover insurance payments for

the value of his claims against Integra, the face of the Complaint shows that the

jurisdictional requirement is met. Second, Plaintiff sent a demand letter to Defendant

prior to filing this action in state court and demanded more than $75,000. A true and

correct copy of the demand letter sent to Defendant is attached hereto as Exhibit C.

7.        Pursuant to 28 U.S.C. § 1446(a), (b) and (d), this state court action

which was commenced in the District Court of the Fourth Judicial District of the State

of Idaho for the County of Ada may be removed to the United States District Court for

the District of Idaho.

8.        Proper notice will be given this date to Plaintiff herein, by and through

their counsel of record, and to the Clerk of the District Court of the Fourth Judicial

District of the State of Idaho for the County of Ada; a true and correct copy of the

notice is attached hereto as Exhibit B and, by this reference, incorporated herein as if

set forth in full.

WHEREFORE, Defendant prays that the above-entitled action pending against

them in the District Court of the Fourth Judicial District of the State of Idaho for the

County of Ada, be removed to this Court.

DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S NOTICE OF
REMOVAL - 3

EXHIBIT ___B___

DATED this 22nd day of April, 2010.

CAREY PERKINS LLP

DAVID W. KNOTTS
ISB No. 3627
(208) 345-8600
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April, 2010, I served a true

and correct copy of the foregoing NOTICE OF REMOVAL by delivering the same to

each of the following, by the method indicated below, addressed as follows:

Eric S. Rossman                [X]   U.S. Mail, postage prepaid
Rossman Law Group, PLLC        [ ]   Hand-Delivered
737 N. 7th Street              [ ]   Overnight Mail
Boise, Idaho 83702            [ ]   Facsimile: (208) 342-2170
*Attorney for Plaintiff*

David W. Knotts, ISB No. 3627
Attorneys for Defendant

DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S NOTICE OF
REMOVAL - 4

EXHIBIT _B___



**ROSSMAN LAW GROUP, PLLC**

Eric S. Rossman – erossman@rossmanlaw.com
Erica S. Phillips – ephillips@rossmanlaw.com
Chad M. Nicholson – cnicholson@rossmanlaw.com

Lisa Reinke, Paralegal – lreinke@rossmanlaw.com
Jason Carroll, Paralegal – jcarroll@rossmanlaw.com

March 12, 2010

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

United States Liability Insurance Company
190 South Warner Road
P.O. Box 6700
Wayne, PA 19087-2191

> Re:    My Client:    **Michael Parish**

To Whom It May Concern:

*K.026894*

Please be advised that I write as legal counsel for Michael Parish concerning a breach of contract, breach of the implied covenant of good faith and fair dealing and bad faith assigned to Mr. Parish by Mr. Parish's former employer and your insured, Integra Information Technologies, Inc. on or about November 6, 2008. This letter and its enclosures are provided for settlement discussions only. No portions of this letter or its enclosures are made admissible in court by its production to United States Liability Insurance Company.

### Factual Synopsis of the Incident

The following is a brief description of the incident giving rise to Michael Parish's claim as set forth below and resulting in this claim for compensation on his behalf.

Michael Parish was employed by Integra Information Technologies, Inc. (hereinafter "Integra") from approximately March of 2005 through May 25, 2007. He was employed as an account executive and was responsible for finding buyers for Integra products and concluding sales with those customers. Mr. Parish was paid a base salary of $36,000.00 per year, plus a commission of ten percent (10%) on document management solutions sales and twenty percent (20%) on hardware sales Mr. Parish made on behalf of Integra. Pursuant to the pay schedule at Integra, all commissions were paid to salespersons, including Mr. Parish, at the time the customer was invoiced for the products ordered.

On or about May 25, 2007, Mr. Parish's employment with Integra was terminated. Prior to that date, Mr. Parish had booked orders for the Oregon Law Library and the Oregon Law Library had been invoiced for $125,000.00 for those orders and he was therefore entitled to ten percent (10%) or $12,500.00 in commissions. Shortly thereafter, a second invoice was submitted to the Oregon Law Library for $125,000.00 and Mr. Parish was therefore entitled to ten percent (10%) or $12,500.00 in commissions. Shortly after the second invoice was submitted, a third

invoice was submitted to the Oregon Law Library and Mr. Parish was therefore entitled to ten percent (10%) or $12,500.00 in commissions. On that date, Mr. Parish signed a memorandum regarding the termination of his employment. That memorandum included a handwritten provision that Mr. Parish would be paid his commissions for the Oregon Law Library and this provision was initialed by both Mr. Parish and Gary Maxwell, an Integra representative. Under the pay schedule at Integra, the commissions were due and owing no later than June 20, 2007.

As of August 29, 2007, Mr. Parish had not received payment for the commissions earned from the Oregon Law Library sales and filed suit in the Fourth Judicial District, County of Ada, case number CV OC 0715558. At the time of the unpaid commissions, Integra was the owner of a Employment Practices Liability Policy issued as Policy Number EPL101 1914 (hereinafter "the policy") by United States Liability Insurance Company. The policy was a "claims-made" policy under which coverage was limited to events occurring on or after the retroactive date of the policy and first reported by Integra to United States Liability Insurance Company prior to termination of the policy or within any policy period or additional reporting period applicable to Integra. The policy was effective December 14, 2006, to December 14, 2007.

On or about September 11, 2007, United States Liability Insurance Company received notice of Michael Parish's claim for coverage against Integra. On September 21, 2007 United States Liability Insurance Company notified Integra that it was denying the claim for coverage under the policy between itself and Integra. The stated basis for denying the claim under the policy was that the Fair Labor Standards Act endorsement specifically bars coverage for the alleged failure to pay Mr. Parish the wages he was owed.

On or about November 6, 2008, Mr. Parish reached a settlement with Integra for his claims against it in the sum of $62,000.00. On or about November 6, 2008, Mr. Parish also reached a settlement with Integra for his claims against it for front pay damages relating to wrongful termination in the sum of $138,000.00. This settlement included an assignment of any and all of Integra's claims against United States Liability Insurance Company resulting from the denial of coverage for claims asserted by Michael Parish.

### Settlement Demand

As a result of the conduct of United States Liability Insurance Company, Michael Parish has been unable to recover for his damages incurred by the actions of Integra Information Technologies, Inc. As such, Michael Parish hereby demands, in an effort to fully and finally resolve this matter, the sum of $200,000.00 to compensate him for his damages as a result of the of the breach of contract, breach of the implied covenant of good faith and fair dealing and bad faith assigned to Mr. Parish by Mr. Parish's former employer and your insured, Integra Information Technologies, Inc. on or about November 6, 2008.

We appreciate your careful attention to an evaluation of this matter. Unless I receive a response from you on or before April 12, 2010, my client intends to initiate litigation. I have attached a draft of a Complaint and Demand for Jury Trial that we have prepared in this matter for your review. Hopefully, such litigation will not become necessary. Thank you for your time

EXHIBIT C

and consideration.

This letter is written pursuant to and in contemplation of Idaho Rule of Evidence 408 and nothing contained herein shall be deemed an admission of any kind or nature on behalf of my client.

Sincerely,

Eric S. Rossman

/jsc
Enclosures
cc:    Michael Parish
\\Fileserver\Documents\Work\P\Parish, Michael\Parish v. US Liability\Demand Letter.doc

EXHIBIT C

Eric S. Rossman, ISB #4573
Erica S. Phillips, ISB #6009
ROSSMAN LAW GROUP, PLLC
737 N. 7th Street
Boise, Idaho 83702
Telephone:  (208) 331-2030
Facsimile:   (208) 342-2170

Attorneys for Plaintiff


## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

## THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| MICHAEL PARISH, an individual, ) | CASE NO. _____ |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT AND DEMAND FOR |
| -vs- ) | JURY TRIAL AND |
| ) | DECLARATORY JUDGMENT |
| UNITED STATES LIABILITY INSURANCE ) | |
| COMPANY, a Pennsylvania company, ) | Category: A-1 |
| ) | Filing Fee: $88.00 |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

COMES NOW, MICHAEL PARISH, the above-named Plaintiff, and for cause of

action against the Defendant, UNITED STATES LIABILITY INSURANCE COMPANY hereby

COMPLAIN AND ALLEGE as follows:

### PARTIES

1.    At all times mentioned herein, Plaintiff Michael Parish (hereinafter

"Plaintiff") was and is a resident of Ada County, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 1**

2.      Defendant United States Liability (hereinafter "Defendant"), is a Pennsylvania company and at all times herein mentioned have been, and presently are licensed by the Idaho Department of Insurance.

3.      In November of 2008, Integra Information Technologies, Inc. executed an assignment of its causes of action against Defendant to Plaintiff in this matter.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction in this matter pursuant to Idaho Code § 1-705.

5.      Venue is proper, pursuant to Idaho Code § 5-404 because Integra Information Technologies principal place of business is in Ada County and the acts and omissions complained of occurred in Ada County.

## GENERAL ALLEGATIONS

6.      Plaintiff was employed by Integra Information Technologies, Inc. (hereinafter "Integra") from approximately March of 2005 through May 25, 2007.

7.      Plaintiff was employed as an account executive and was responsible for finding buyers for Integra products and concluding sales with those customers.

8.      Plaintiff was paid a base salary of $36,000.00 per year, plus a commission of ten percent (10%) on document management solutions sales and twenty percent (20%) on hardware sales Plaintiff made on behalf of Integra.

9.      Pursuant to the pay schedule at Integra, all commissions were paid to salespersons, including Plaintiff, at the time the customer was invoiced for the products ordered.

**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 2**

10.    On or about May 25, 2007, Plaintiff's employment with Integra was terminated.

11.    Prior to that date, Plaintiff had booked orders for the Oregon Law Library and the Oregon Law Library had been invoiced for $125,000.00 for those orders and Plaintiff was therefore entitled to ten percent (10%) or $12,500.00 in commissions. Shortly thereafter, a second invoice was submitted to the Oregon Law Library for $125,000.00 and Plaintiff was therefore entitled to ten percent (10%) or $12,500.00 in commissions. Shortly after the second invoice was submitted, a third invoice was submitted to the Oregon Law Library and Plaintiff was therefore entitled to ten percent (10%) or $12,500.00 in commissions.

12.    On that date, Plaintiff signed a memorandum regarding the termination of his employment.

13.    That memorandum included a handwritten provision that Plaintiff would be paid his commissions for the Oregon Law Library and this provision was initialed by both Plaintiff and Gary Maxwell, an Integra representative.

14.    Under the pay schedule at Integra, the commissions were due and owing no later than June 20, 2007.

15.    As of August 29, 2007, Plaintiff had not received payment for the commissions earned from the Oregon Law Library sales and filed suit in the Fourth Judicial District, County of Ada, case number CV OC 0715558.

16.    At the time of the unpaid commissions, Integra was the owner of a Employment Practices Liability Policy issued as Policy Number EPL1011914 (hereinafter "the

**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 3**

policy") by Defendant.

17.     The policy was a "claims-made" policy under which coverage was limited to events occurring on or after the retroactive date of the policy and first reported by Integra to Defendant prior to termination of the policy or within any policy period or additional reporting period applicable to Integra.

18.     The policy was effective December 14, 2006, to December 14, 2007.

19.     On or about September 11, 2007, Defendant received notice of Plaintiff's claim for coverage against Integra.

20.     On September 21, 2007, Defendant notified Integra that it was denying the claim for coverage under the policy between itself and Integra.

21.     The stated basis for denying the claim under the policy was that the Fair Labor Standards Act endorsement specifically bars coverage for the alleged failure to pay Plaintiff the wages he was owed.

22.     On or about November 6, 2008, Plaintiff reached a settlement with Integra for his claims against it in the sum of $62,000.00.

23.     On or about November 6, 2008, Plaintiff reached a settlement with Integra for his claims against it for front pay damages relating to wrongful termination in the sum of $138,000.00.

24.     This settlement included an assignment of any and all of Integra's claims against Defendant resulting from the denial of coverage for claims asserted by Plaintiff.

EXHIBIT C

## COUNT ONE

### *(Breach of Contract)*

25.     Plaintiff hereby realleges the allegations contained in Paragraphs 1 through 24 set forth above, and incorporate the same herein by reference.

26.     The insurance policy issued by Defendant to Integra constitutes a valid, binding, and enforceable contract of insurance between Defendant and Integra.

27.     Integra paid all premiums due, submitted all proofs of loss required, and performed all other obligations and conditions required under the contract of insurance.

28.     Defendant's refusal to pay the claims submitted by Integra according to the terms of the policy constitutes a substantial and material breach of the contract.

29.     As a direct and proximate result of Defendant's breach of contract, Integra has suffered damages in an amount exceeding $10,000.00 to be proven with certainty at trial.

30.     Plaintiff is entitled to recover his attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 41-1839, 12-120(3) and 12-121.

## COUNT TWO

### *(Breach of the Implied Covenant of Good Faith and Fair Dealing)*

31.     Plaintiff hereby realleges the allegations contained in Paragraphs 1 through 30 set forth above, and incorporate the same herein by reference.

32.     The insurance contract between Integra and Defendant includes an implied covenant of good faith and fair dealing by both parties.

COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 5

33. Defendant's refusal to pay the properly submitted claims by Integra substantially nullified a benefit to which Integra was entitled under the terms of the contract, and thereby breached the implied covenant of good faith and fair dealing.

34. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Integra has suffered damages in an amount exceeding $10,000.00 to be proven with certainty at trial.

35. Plaintiff is entitled to recover his attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 41-1839, 12-120(3) and 12-121.

## COUNT THREE

### *(Tort of Bad Faith)*

36. Plaintiff hereby realleges the allegations contained in Paragraphs 1 through 35 set forth above, and incorporate the same herein by reference.

37. In handling Integra's claim, Defendant has acted in tortious bad faith by negligently, intentionally, and unreasonably denying payment on the claim and, in the process, has harmed Integra in such a way not fully compensable at contract.

38. As a direct and proximate result of the bad faith handling of Integra's claim, Integra has suffered damages in an amount exceeding $10,000.00 to be proven with certainty at trial.

39. Plaintiff is entitled to recover their attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 41-1839, 12-120(3) and 12-121.

COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 6

40.   Defendant's actions as alleged herein constitute intentional, reckless, willful acts in gross deviation of reasonable standard of conduct.

41.   Plaintiff hereby reserves this paragraph for a claim of punitive damages pursuant to Idaho Code § 6-1604.

## COUNT FOUR

### *(Request for Declaratory Relief)*

42.   Plaintiff hereby realleges the allegations contained in Paragraphs 1 through 41 set forth above, and incorporate the same herein by reference.

43.   An actual, justiciable controversy exists between Integra and Defendant as a consequence of Defendant's refusal to pay Integra's claims under the terms of the insurance policy. A declaration by this court of the parties' respective rights, duties and obligations regarding the litigation will resolve the controversy.

44.   Neither Defendant nor Integra has sought any previous adjudication of their respective rights under the insurance policy regarding the litigation.

45.   There is no provision in the express language of the insurance policy that excludes Integra's claims for coverage for the type of unpaid commissions owed to Plaintiff.

46.   As such, Defendant's refusal to accept the claim is in conflict with the terms of the insurance policy and established law and Plaintiff's request a declaration from this Court that Defendant is obligated to indemnify Integra and pay any and all sums owed by Integra, by reason of settlement or judgment, to Plaintiff, resulting from the wrongful termination of Integra up to the limits of coverage of the Employment Practices Liability Policy.



47.     Plaintiff is entitled to recover his attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 41-1839, 12-120(3) and 12-121.

48.     Plaintiff respectfully requests that this court order a speedy hearing upon Plaintiff's action and advance the action upon the calendar as provided by Idaho Rule of Civil Procedure 57.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and relief as follows:

1.     For a declaratory judgment finding that Integra Information Technologies, Inc. is entitled to payment of its claims under the terms of the insurance policy issued by United States Liability Insurance Company;

2.     For an award of money damages against United States Liability Insurance Company representing a full and fair amount of compensation for all special, general and consequential losses suffered by Integra Information Technologies, Inc. in an amount to be determined at trial;

3.     For Plaintiff's reasonable attorney fees and costs of suit;

4.     For prejudgment interest under each of the losses suffered by Integra Information Technologies, Inc. as provided in Idaho Code § 28-22-104; and

5.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury composed of no less than twelve persons on all issues so triable.

**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 8**

DATED this _____ day of March, 2010.

ROSSMAN LAW GROUP, PLLC

By: _____

Eric S. Rossman
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 9

EXHIBIT C

## VERIFICATION

STATE OF IDAHO   )
                 ) ss.
County of Ada    )

MICHAEL PARISH, being first duly sworn, deposes and says:

That I am the Plaintiff in this matter, that I have read the foregoing Complaint, know the contents thereof, and believe the facts therein stated to be true and correct to the best of my knowledge and belief.

DATED this _____ day of March, 2010.

_____
Michael Parish

SUBSCRIBED AND SWORN TO before me this _____ day of March, 2010.

_____
Notary Public for Idaho
My Commission Expires: _____

\\Fileserver\Documents\Work\P\Parish, Michael\Parish v. US Liability\Pleadings\Complaint.doc

**COMPLAINT AND DEMAND FOR JURY TRIAL AND DECLARATORY JUDGMENT - 10**